UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MITCHELL LEE WALCK,<br><br>                Petitioner,<br><br>v.<br><br>HENRY ATENCIO, Director, Idaho Department of Correction; and the Warden of the Idaho State Correctional Center,<br><br>                Respondents. | Case No. 1:17-cv-00194-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

      Pending before the Court in this habeas corpus matter is Respondent's Motion for Partial Summary Dismissal. (Dkt. 23.) Petitioner Mitchell Walck has filed a Response and a Supplemental Response, and Respondent has filed a Reply. (Dkts. 39, 44, 41.) Also pending is a preliminary matter regarding a portion of the state court record on a CD ROM disc. (Dkts. 44, 47.) All named parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case. (Dkt. 14.) *See* 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. Having reviewed the record, including the state court record, the Court enters the following Order.

**MEMORANDUM DECISION AND ORDER - 1**

## PRELIMINARY ISSUES

Petitioner requests that the Court order Respondent to permit him to keep a CD ROM disc containing part of the state court record in his cell. (Dkt. 44.) Respondent asserts that, "for security, safety, and confidentiality concerns," prison officials have decided to store Petitioner's CD ROM in the legal resource center. (Dkt. 47.) Petitioner is required to make an appointment to review its contents, whereupon he is given access to review the records and take notes. (Dkt. 47-1, Aff. of Breyanna Cupp.)

Petitioner has no constitutional or other enforceable right to keep his CD ROM containing his state court criminal case record in his cell. An essential element of an access to courts claim is that "the access was so limited as to be unreasonable." *Vandelft v. Moses*, 31 F.3d 794, 797 (9th Cir. 1994), *as amended* (Oct. 5, 1994). Generally, a prisoner's inabilities to more fully litigate his claims are "incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis v. Casey*, 518 U.S. 343, 355 (1996). The Supreme Court of the United States has cautioned the federal courts not to interfere with the day-to-day operations of the prisons, especially those things related to security, a task which is best left to prison officials who have particular experience in dealing with prisons and prisoners. *See Turner v. Safley*, 482 U.S. 78, 89 (1987).

The Court concludes that provision of the record to Petitioner in the manner described by prison paralegal Breyanna Cupp is reasonable and adequate access. (*See* Dkt. 47-1.) Therefore, Petitioner's request will be denied.

# REVIEW OF MOTION FOR PARTIAL SUMMARY DISMISSAL

1. **Background**

Petitioner pleaded guilty to second degree kidnapping, aggravated assault on a law enforcement officer, and robbery, after being charged in a criminal case in the First Judicial District Court in Kootenai County, Idaho. On April 14, 2014, Petitioner was sentenced to terms of incarceration between ten years and life indeterminate—all to run concurrently with his North Dakota felony sentences. Petitioner challenges his Idaho convictions in this federal habeas corpus matter.

2. **Standard of Law**

When a petitioner's compliance with threshold procedural requirements is at issue, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989). Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." The Court takes judicial notice of the records from Petitioner's state court proceedings, lodged by the parties.

Respondent requests that the Court dismiss with prejudice the following claims contained in the Petition for Writ of Habeas Corpus for the following reasons: Claims 1(e), (f), and (g)[1] are procedurally defaulted, and Claim 3 fails to state a cognizable federal habeas corpus claim.

---

[1] Plaintiff's subclaims are not lettered, but the Court uses Respondent's lettering for ease of identification.

**MEMORANDUM DECISION AND ORDER - 3**

### A. Claims 1(e), (f), and (g): Ineffective Assistance of Trial and Direct Appeal Counsel

A habeas petitioner must exhaust his remedies in the state court system before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To do so, the petitioner must proceed through one complete round of the state's established appellate review process, fairly presenting all constitutional claims at each level of appellate review to allow a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845. If the Idaho Court of Appeals decided the appeal, then the petitioner must take the final step of filing a petition for review of that decision by the Idaho Supreme Court. *Id.* at 847. "Fair presentation" requires a description of both the operative facts and the legal theories upon which the federal claim is based. *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and the state court would now refuse to consider it under the state's procedural rules, the claim is said to be "procedurally defaulted." *Gray*, 518 U.S. at 161-62. Procedurally defaulted claims include: (1) when a petitioner has completely failed to raise a claim before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts; or (3) when the Idaho courts have rejected a claim on an adequate and independent state procedural ground. *Id.*; *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

A petitioner cannot proceed in federal court on his defaulted claims without a showing of "cause and prejudice" or a "miscarriage of justice." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). A procedurally defaulted claim will not be heard in federal court unless the petitioner shows either that there was legitimate cause for the default and that prejudice resulted from the default, or, alternatively, that the petitioner is actually innocent and a miscarriage of justice would occur if the federal claim is not heard. *Id*. at 485-95.

Ordinarily, to show "cause" for a procedural default, a petitioner must prove that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Id.* at 488. To show "prejudice," a petitioner must show "not merely that the errors [in his proceeding] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

An attorney's errors that rise to the level of a violation of the Sixth Amendment's right to effective assistance of counsel may, under certain circumstances, serve as cause to excuse the procedural default of other claims. *Carrier*, 477 U.S. 488. However, an allegation of ineffective assistance of counsel will excuse the default of other claims *only* if the ineffective assistance of counsel claim itself is not procedurally defaulted or, if defaulted, a petitioner can show cause and prejudice for the default. *Edwards v. Carpenter*, 529 U.S. 446, 454 (2000). In other words, before a federal court can consider

**MEMORANDUM DECISION AND ORDER - 5**

ineffective assistance of counsel as cause to excuse the default of underlying habeas claims, a petitioner generally must have presented the ineffective assistance of counsel claim in a procedurally proper manner (such as in a first post-conviction relief petition) to the state courts, ending with the Idaho Supreme Court.

As to the related but different topic of alleged errors of counsel made on post-conviction review that cause the default of claims, the general rule on procedural default is that any errors of a defense attorney during a post-conviction action *cannot* serve as a basis for cause to excuse a petitioner's procedural default of his claims. *See Coleman*, 501 U.S. 752. This barrier stems from the rule that a petitioner does not have a federal constitutional right to effective assistance of counsel during state post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993).

A limited exception to the *Coleman* rule is found in *Martinez v. Ryan*, 566 U.S. 1 (2012). In *Martinez*, the court held that a circumstance of no counsel or inadequate assistance of counsel "at initial-review collateral review proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id*. at 9, 17. The *Martinez* Court created the limited exception because "as an equitable matter... the initial-review collateral proceeding, if undertaken without counsel or with ineffective counsel, may not have been sufficient to ensure that proper consideration was given to a substantial claim." *Id*. at 14.

The *Martinez v. Ryan* exception permits the district court to hear procedurally defaulted claims of ineffective assistance of trial counsel. *Id*. at 16. The exception, however, has not been extended to other types of claims. *Davila v. Davis*, 137 S.Ct. 2058, 2065 (2017). Neither does *Martinez* apply to post-conviction appeals, but only to initial post-conviction actions. *Martinez*, 566 U.S. at 16.

In addition, a petitioner must show that the defaulted ineffective assistance of trial counsel claims are "substantial," meaning that the claims have "some merit." *Martinez*, 566 U.S. at 14. To show that each claim is substantial, Petitioner must show that trial counsel performed deficiently, resulting in prejudice, defined as a reasonable probability of a different outcome at trial. *Id.*; *see Strickland*, 466 U.S. at 695-96.

If a petitioner cannot show cause and prejudice for a procedurally defaulted claim, he can still raise the claim *if* he demonstrates that the court's failure to consider it will result in a "fundamental miscarriage of justice." *McCleskey v. Zant*, 499 U.S. 467, 494 (1991). A miscarriage of justice means that a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Carrier*, 477 U.S. at 496.

A compelling showing of actual innocence allows a court to review Petitioner's otherwise defaulted claims on their merits. *See Schlup v. Delo*, 513 U.S. 298, 315, 324 (1995). "[A]ctual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 64, 623 (1998).

The petitioner bears the burden of demonstrating that "in light of all the evidence, including evidence not introduced at trial, it is more likely than not that no reasonable

juror would have found [him] guilty beyond a reasonable doubt." *Id.* at 327; *see also House v. Bell*, 547 U.S. 518, 539 (2006). The standard is demanding and permits review only in the "extraordinary" case. *Schlup*, 513 U.S. at 327 (citation omitted).

Where the defendant pleaded guilty and did not have the evidence in his case evaluated by a jury, the petitioner must show that, based on all of the evidence, "it is more likely than not that no reasonable juror would have found Petitioner guilty." *Van Buskirk v. Baldwin*, 265 F.3d 1080, 1084 (9th Cir. 2001), *citing Schlup*, 513 U.S. at 327; *Jaramillo v. Stewart*, 340 F.3d 877 (9th Cir. 2003.) As to petitioners asserting actual innocence despite having pleaded guilty, the United States Supreme Court has observed:

> [T]he representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

*Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).

Respondent argues that Petitioner has never presented Claims 1(e), (f), and (g) to the Idaho Supreme Court, and, because the time to do so has expired, the claims are now procedurally defaulted. Claim 1(e) is that trial counsel ignored information from Petitioner that would have cleared him of the crimes of which he was convicted. (Dkt. 3, p. 4.) Claim 1(f) is that direct appeal counsel failed to "pursue valid issues." (*Id.*) Claim 1(g) is that direct appeal counsel compelled Petitioner to dismiss his direct appeal action before it was adjudicated.

**MEMORANDUM DECISION AND ORDER - 8**

Petitioner presented Claim 1(e), (f), and (g) in his pro se state post-conviction application. (State's Lodging C-1, pp. 6-7.) After the court issued a notice of intent to dismiss and considered Petitioner's response, the claims were dismissed. (*Id.*, pp. 34-42, 78-80.)

After dismissal of the post-conviction application, Petitioner filed a pro se brief in support of his appeal, and Claims 1(e), (f), and (g) were not included in the brief. Rather,

> [i]n the opening brief of that appeal, and in his subsequent brief in support of review, [Petitioner]argued that the trial court erred by dismissing his claims that his trial counsel was ineffective by: (1) pressuring him into accepting the state's plea offer, (2) failing to file motions for co-counsel and a change of venue, (3) failing to follow his request to have a jury trial, (4) failing to prevent him from being sentenced to the same offense twice, and (5) failing to request a continuance "for a '[g]lobalization' of [his] numerous charges in other Idaho counties.

(State's Lodging D-1, pp. 5-10.)

Petitioner asserts that *Martinez v. Ryan* excuses any failure to exhaust his state court remedies. He argues that, because he was forced to proceed pro se, his default should be excused. Petitioner reasons that post-conviction proceedings require evidentiary investigation and development beyond the record to be able to raise claims properly. In Idaho, there is no right to post-conviction counsel. Therefore, Petitioner argues, a prisoner with limited legal knowledge and resources—especially investigative resources—is at a disadvantage to plead ineffective assistance of counsel claims in a way that will survive summary dismissal.

**MEMORANDUM DECISION AND ORDER - 9**

This argument has some appeal. However, the argument cannot be applied to Claims 1(f) and (g), because they categorically do not fit under *Martinez*—ineffective assistance of direct appeal counsel claims are outside *Martinez's* narrow boundaries. *Davila*, 137 S.Ct. at 2065. With Claims 1(f) and (g) outside the bounds of *Martinez*, that exception is potentially applicable only to Claim 1(e).

Respondent argues that *Martinez* does not apply to Claim 1(e) because the claim was defaulted at the *appellate* level of proceedings by failing to raise it there, rather than at the initial post-conviction proceeding, where Petitioner did raise it. The *Martinez* exception applies only to *initial* post-conviction matters in the district court; it ceases to apply on appeal. *Martinez*, 566 U.S. at 16.

Thus, while Petitioner raises a good point, it does not apply in his particular set of circumstances. Petitioner *did* bring the claim pro se in initial proceedings. *Martinez* is applicable only where an uncounseled petitioner *fails* to bring a claim[2] or brings it in such an inadequate manner that the state district court reject it on state procedural grounds in the initial proceedings. *See id*. Because the claim was not procedurally defaulted in the initial proceedings, but on appeal, *Martinez* does not apply.

Petitioner does not raise any other grounds to excuse the procedural default of his claims, and the Court finds none upon its review of the record. While Petitioner claims

---

[2] Even if Petitioner asserts that he was unable to fully investigate his claim without the aid of counsel, that argument does not readily fit his particular claim—that trial counsel ignored information *from Petitioner* that would have cleared him of the crime(s) of which he was convicted. In other words, Petitioner asserts that he had information supporting his innocence, not that he needed post-conviction counsel to help him uncover those facts.

**MEMORANDUM DECISION AND ORDER - 10**

that he has facts supporting his actual innocence of the crimes, he does not reveal those facts here. Likewise, his explanatory affidavit attached to his post-conviction petition says, somewhat equivocally, "I plead[ed] guilty to crimes I believe I'm not guilty of due to my public defender being ineffective." (State's Lodging C-1, p. 11.) He includes no facts showing factual innocence in his affidavit. *Id*. Further, in its notice of intent to dismiss the post-conviction petition, the state district court observed: "Petitioner claims he pled guilty to crimes for which he was not guilty, but the record shows that he pled guilty because he was guilty." (*Id*., p. 40.) The Court sees nothing in the record that meets the *Schlup* standard of actual innocence. Accordingly, Claims 1(e), (f), and (g) will be dismissed with prejudice.

### B. Claim 3: Error of State Post-Conviction Court

Petitioner filed a motion for default judgment in his state post-conviction action. The State asserted that, even though Petitioner may not have received a copy of the Answer, it was indeed filed on time. (*See* Dkt. 3-1, pp. 13-18.) The state post-conviction court denied the motion for entry of default and issued a notice of intent to summarily dismiss the petition. In this action, Petitioner asserts that the state court erred in denying his motion for default judgment, citing a state court procedural rule that allows for entry of default judgment against the State in post-conviction proceedings. (*See* Exhibit to Dkt. 44.)

Petitioner's claim centered on the state court's failure to apply a state court rule is not a cognizable federal habeas corpus action. Habeas corpus is not the proper avenue to address errors in a state's post-conviction review process. *Franzen v. Brinkman*, 877 F.2d

**MEMORANDUM DECISION AND ORDER - 11**

26 (9th Cir. 1989), *cert. denied*, 493 U.S. 1012 (1989). In *Williams v. Missouri*, 640 F.2d 140 (8th Cir. 1981), the court explained:

> [I]nfirmities in the state's post conviction remedy procedure cannot serve as a basis for setting aside a valid original conviction [citation omitted]. . . . There is no federal constitutional requirement that the state provide a means of post-conviction review of state convictions.... Errors or defects in the state post-conviction proceeding do not, ipso facto, render a prisoner's detention unlawful or raise constitutional questions cognizable in habeas corpus proceedings. Habeas corpus in the federal courts does not serve as an additional appeal from state court convictions. Even where there may be some error in state post-conviction proceedings, this would not entitle appellant to federal habeas corpus relief since [such a] claim … represents an attack on a proceeding collateral to detention of appellant and not on the detention itself.

*Id*. at 143-44.

The Court agrees with Respondent's position that Claim 3 fails to state a federal claim upon which relief can be granted. Therefore, Claim 3 will be dismissed with prejudice.

### 3. Conclusion

Claims 1(e), (f), and (g) will be dismissed with prejudice as procedurally defaulted. No adequate legal excuse can be applied to the default of Petitioner's claims. Claim 3 will be dismissed with prejudice for failure to state a federal claim upon which relief can be granted. Petitioner has made a variety of groundless legal arguments that the Court has considered and rejected without elaboration, for purposes of judicial economy. Petitioner will be permitted to proceed to the merits of his remaining claims.

# ORDER

**IT IS ORDERED:**

1. Respondent's Motion for Partial Summary Dismissal (Dkt. 23) is GRANTED.

2. Respondent's Motions for Extension of Time to File Response (Dkts. 45, 46) are GRANTED.

3. Petitioner's request to take possession of his CD ROM disc (contained in Dkt. 44) is DENIED.

4. Respondent shall file an answer to the remaining claims **within 90 days** after entry of this Order. The answer should also contain a brief setting forth the factual and legal basis of grounds for dismissal and/or denial of the remaining claim. Petitioner shall file a reply (formerly called a traverse), containing a brief rebutting Respondent's answer and brief, which shall be filed and served **within 30 days** after service of the answer. Respondent has the option of filing a sur-reply **within 14 days** after service of the reply. At that point, the case shall be deemed ready for a final decision.

5. No party shall file supplemental responses, replies, affidavits or other documents not expressly authorized by the Local Rules without first obtaining leave of Court.

6. No discovery shall be undertaken in this matter unless a party obtains prior leave of Court, pursuant to Rule 6 of the Rules Governing Section 2254 Cases.



DATED: September 5, 2018

_____
Honorable Candy W. Dale
United States Magistrate Judge